A. A. Johnston v. Commissioner.
Johnston v. Commissioner
Docket No. 37572.
United States Tax Court
1953 Tax Ct. Memo LEXIS 145; 12 T.C.M. (CCH) 938; T.C.M. (RIA) 53283; August 18, 1953
*145 Transferee liability determined. John D. Picco, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The above cause came on for hearing at Portland, Oregon, on July 8, 1953, pursuant to proper notices sent to the parties in interest. The respondent appeared by counsel and there was no appearance for or on behalf of the petitioner. Evidence was offered by respondent in support of his burden of establishing petitioner's liability as a transferee. From the record as made the following facts are found: Findings of Fact This proceeding involves a proposed deficiency determined against the petitioner, A. A. Johnston, as transferee *146 of the assets of the Estate of Esther A. Johnston, deceased, in the amount of $283.99 for the taxable year 1947. On April 9, 1952, pursuant to motion of respondent, an order was entered by the Court in this proceeding holding that undenied allegations of fact contained in respondent's answer be deemed to be admitted pursuant to the provisions of Rule 18 of the Tax Court's Rules of Practice. When this proceeding was called for hearing on the merits, pursuant to notice, there was no appearance on behalf of petitioner. Prior to her death on July 12, 1947, Esther A. Johnston was a married woman living with her husband, the petitioner herein, in Idaho, a community property state. Said decedent died intestate, leaving an estate consisting of community property. The Estate of Esther A. Johnston, deceased, was probated pursuant to the provisions of section 14-114 of the Idaho Code relating to administration of community property. A petition for administration of this estate was filed with the Probate Court of Ada County, State of Idaho, on October 15, 1947, and the estate was closed by final decree entered December 2, 1947. The assets of the Estate of Esther A. Johnston, deceased, *147 consisted of numerous parcels of real property and various items of personal property, including 13 U.S. War Savings Bonds (denomination $1,000). These assets acquired by petitioner had a value in excess of the tax, plus interest, asserted by respondent against petitioner as transferee of the Estate of Esther A. Johnston, deceased, for the taxable year 1947. The distribution of assets to petitioner, pursuant to final decree of the Probate Court, left decedent's estate without assets of any kind from which the tax liability asserted by the Commissioner for the taxable year 1947, plus interest, could be collected or paid. Said distribution or transfer of assets to petitioner was made without any consideration being paid by petitioner. The deficiency in tax, plus interest, which respondent has asserted against the petitioner as transferee of the Estate of Esther A. Johnston, deceased, has never been paid or collected and still remains outstanding. The individual income tax return of Esther A. Johnston, deceased, for the taxable year 1947 was filed with the collector of internal revenue for the district of Idaho on March 10, 1948. The statutory notice of transferee liability was *148 mailed to petitioner on August 17, 1951. The notice of transferee liability involved in this proceeding was mailed to petitioner within the period of limitation prescribed by section 311 (b) (1) and (2) of the Internal Revenue Code. The petitioner is liable as transferee of the assets of the Estate of Esther A. Johnston, deceased, for decedent's income tax deficiency for the taxable year 1947 in the amount of $283.99, plus interest, pursuant to the provisions of section 311 of the Internal Revenue Code. Opinion ARUNDELL, Judge: In a transferee proceeding a deficiency in tax as determined by the respondent is presumed to be correct where no evidence is offered by the petitioner to prove to the contrary, but the statute puts on the respondent the burden of proving the transferee liability. There was no appearance on the part of the petitioner and in the circumstances the deficiency in tax as determined against the decedent, Esther A. Johnston, must stand. Evidence offered by the respondent clearly established the petitioner's liability as a transferee of the assets of his deceased wife, Esther A. Johnston, as fully set forth in our *149 findings of fact. Decision will be entered for the respondent.